IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| SHERWIN FITZGERALD MAY, ) | |
| ) | |
| Petitioner, ) | |
| vs. ) | Case No.  7:14-cv-1988-VEH-TMP |
| ) | |
| LEON FORNISS, Warden; and the ) | |
| ATTORNEY GENERAL OF ) | |
| THE STATE OF ALABAMA, ) | |
| ) | |
| Respondents. ) | |

# **MEMORANDUM OPINION**

The magistrate judge filed his report and recommendation on July 22, 2015, recommending dismissal of petitioner's 28 U.S.C. § 2254 petition for *habeas corpus* relief. (Doc.11).  The petitioner filed objections, asserting that he received ineffective assistance of counsel, that he is actually innocent, and that he is entitled to equitable tolling so that the time limitation does not bar his petition.  (Doc. 12).

Petitioner seeks to avoid the AEDPA statute of limitation by asserting that he is actually innocent of the crime of rape, robbery, and burglary at issue in the 1978 conviction.  In McQuiggin v. Perkins, __ U.S. ___, 133 S. Ct. 1924, 185 L. Ed. 2d 1019 (2013), the Supreme Court made clear that a plea of actual innocence can overcome the statute of limitations imposed on *habeas* petitioners through AEDPA.  The court stated:

> We hold that actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in *Schlup* and *House*, or, as in this case, expiration of the statute of limitations. We caution, however, that tenable actual-innocence gateway pleas are rare: "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light

> of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup [v. Delo*, 513 U.S. 298, 329, 115 S. Ct. 851 (1995)]; *see House [v. Bell*, 547 U.S. 518, 538, 126 S. Ct. 2064(2006)] (emphasizing that the *Schlup* standard is "demanding" and seldom met). And in making an assessment of the kind Schlup envisioned, "the timing of the [petition]" is a factor bearing on the "reliability of th[e] evidence" purporting to show actual innocence. *Schlup*, 513 U.S., at 332, 115 S. Ct. 851.

133 S. Ct. at 1928. Accordingly, the instant petition may overcome the time-bar by a showing of actual innocence, but the time of the petition still must be considered in determining whether the showing of actual innocence is met.

The threshold requirement for a showing of actual innocence remains a substantial one, and "tenable actual-innocence gateway pleas are rare." 133 S. Ct. at 1928. In order to invoke the exception to AEDPA's time limitation, a petitioner must show that is it "more likely than not that no reasonable juror would have convicted in the light of the new evidence." 133 S. Ct. at 1935, quoting Schlup, 513 U.S. at 327. A sufficient showing "requires the petitioner to produce ' "new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial.' " " Melson v. Allen, 548 F.3d 993, 1002 (11th Cir. 2008), quoting Arthur v. Allen, 452 F.3d 1234, 1243 (11th Cir. 2006), quoting Schlup, 513 U.S. at 324.

Petitioner first asserts that he has discovered new evidence that would prove that he is actually innocent of the crime of robbery. He alleges that the convenience store that was robbed had a security camera, and that footage from the camera would show that he did not enter the store and take the beer, but that he was waiting in the car while the robbery occurred. He asserts that he did not know that the video existed until September of 2010. He further asserts that his attorney filed

a motion to obtain the video, and that the matter was set for hearing, but that his attorney failed to appear at the hearing. It should first be noted that even if a video exists that showed that the petitioner did not enter the store, that is not the type of clear and convincing evidence that would support a claim of actual innocence, especially where he admits that he arrived at the store in the car with the man who entered and robbed the store, and that he left in the car after the robbery with the man who entered and robbed the store. It cannot be said that no reasonable juror could have found him guilty in light of the video evidence, because it is clear that a juror could have believed that he participated in the robbery, even if he remained in the car. Thus, his evidence of actual innocence is insufficient to overcome the timebar.

Even if the video did demonstrate innocence, the claim still is subject to the timebar because petitioner admits that he has known about the video since September of 2010, which was four years before he filed the instant *habeas* petition, and which was during the time that his conviction was on appeal. It is clear that equitable tolling is available only where "extraordinary circumstances" have prevented the timely filing and the movant has been "otherwise diligent." Helton v. Secretary for the Department of Corrections, 259 F.3d 1310, 1312-13 (11th Cir. 2001). To establish diligence a petitioner must "present evidence showing reasonable efforts to timely file his action." Dodd v. United States, 365 F.3d 1273, 1282 (11th Cir. 2004), aff'd, 545 U.S. 353, 125 S. Ct. 2478, 162 L. Ed. 2d 343 (2005). Petitioner has failed to demonstrate any reason for waiting four years before filing the instant petition after he asserts that he discovered that the video existed. Thus, he is not entitled to equitable tolling.

Finally, petitioner asserts that he is excused from the timebar because he received ineffective assistance of trial counsel, apparently arguing that his trial counsel failed to adequately represent him

in regards to obtaining the video of the robbery.  No such separate exception exists under the law to bar the application of the time limitations of Section 2244(d).  Furthermore, the petitioner was aware of his attorney's actions no later than September 2010.  Thus, this objection is without any basis in law or fact.

Having now carefully considered *de novo* all the materials in the court file, including the report and recommendation, the court is of the opinion that the magistrate judge's report is due to be ADOPTED and the recommendation ACCEPTED.

It is therefore ORDERED that the petition for *habeas corpus* relief pursuant to 28 U.S.C. § 2254 in the above-styled cause be and hereby is DENIED and DISMISSED WITH PREJUDICE.

DONE the 18th day of August, 2015.

**VIRGINIA EMERSON HOPKINS**
United States District Judge